20147.33465

CLAYTON U. HALL/S.B. #88535
STEPHANIE A. BOWEN/S.B. #191095
CATHERINE A. HALL/S.B. #322128
HALL, HIEATT & CONNELY, LLP
1319 Marsh Street, Second Floor
San Luis Obispo, CA 93401
Telephone:  (805) 544-3830
Facsimile: (805) 544-5329
hall@hhc-slo.com
bowen@hhc-slo.com
cahall@hhc-slo.com

Attorneys for Defendant,
ATASCADERO UNIFIED SCHOOL DISTRICT

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE 1 and JANE DOE 2, minors, by and through their *Guardian ad Litem* K.X.; JANE DOE 3 and JANE DOE 4, minors by and through their *Guardian ad Litem* E.J.; JANE DOE 5, a minor, by and through her *Guardian ad Litem* K.A.; and JANE DOE 6, a minor, by and through her *Guardian ad Litem* H.A., <br><br> Plaintiffs, <br><br> vs. <br><br> ATASCADERO UNIFIED SCHOOL DISTRICT; CHRIS BERDOLL in his official and individual capacities, and DOES 10 through 50, <br><br> Defendants. | Case No. 2:19-CV-08636 DSF (Ex) <br><br> JOINT STIPULATION REGARDING DISCOVERY OF PRIVATE AND/OR PRIVILEGED DOCUMENTS· ORDER THEREON |

THE PARTIES HERETO AGREE AND STIPULATE AS FOLLOWS:

WHEREAS, plaintiffs, JANE DOE 1 and JANE DOE 2, minors, by and through

their *Guardian ad Litem* K.X.; JANE DOE 5, a minor, by and through her *Guardian*

*ad Litem* K.A.; and JANE DOE 6, a minor, by and through her *Guardian ad Litem*

H.A. ("Plaintiffs"), have asserted certain claims against ATASCADERO UNIFIED

---

JOINT STIPULATION RE: DISCOVERY;
ORDER                                           1

SCHOOL DISTRICT ("School District") and CHRIS BERDOLL ("Berdoll") stemming from an alleged incident that is said to have occurred on or before August 31, 2018; and

WHEREAS, the School District maintains confidential reports and records of employees, students, and witnesses related to the circumstances and conduct alleged in the pleadings herein; and

WHEREAS, the written records and reports maintained by the School District may contain privileged and confidential information that may be relevant to the issues to be resolved in this litigation; and

WHEREAS, the parties and each of them anticipate, through subpoenas and written discovery, to seek production of those documents and other confidential information; and

WHEREAS, the School District contends that it has an obligation to maintain said records in a confidential manner to protect the privacy rights of Plaintiffs, employees, and other individuals (including students) who are not named parties in this matter; and

WHEREAS, the School District contends it will be unable to provide said records and information requested through discovery and subpoena as a result of its obligations to protect the confidentiality and privacy of employees, students, and other individuals absent a court order; and

WHEREAS, Plaintiffs contend they have certain records and documentation including reports, scholastic records, etc. that they would like to remain confidential and private; and

WHEREAS, Berdoll contends that he has certain records and documentation that he would like to remain confidential and private; and

WHEREAS, prior to the initiation of this action, Plaintiffs and the School District entered into a Confidentiality Agreement concerning non-photographic records from the Atascadero Police Department records; and

1    WHEREAS, Plaintiffs, the School District, and Berdoll subsequently entered
2    into a Stipulated Confidentiality Agreement concerning photographic records from the
3    Atascadero Police Department; and
4    WHEREAS, the parties desire that any and all records from the Atascadero
5    Police Department (photographic, non-photographic, or otherwise) be concurrently
6    subject to the instant Stipulation and Protective Order and to any and all prior
7    agreements applicable to them, and  that, should there be any conflicting provisions
8    between the instant Stipulation and Protective Order and any prior agreement, the
9    instant Stipulation and Protective Order shall control; and
10   WHEREAS, nothing in this Stipulation constitutes a waiver of the parties' rights
11   to properly object to discovery or the admission of evidence on other grounds;
12   IT IS HEREBY STIPULATED by and between the parties:
13   1.    In this Stipulation and Protective Order, the words set forth below shall
14   have the following meanings:
15   a.    "Proceeding" means the above-entitled proceeding (2:19-CV-
16   08636 DSF (Ex)).
17   b.    "Court" means the Honorable Dale S. Fischer, or any other judge
18   to which this Proceeding may be assigned, including Court staff participating in such
19   proceedings.
20   c.    "Confidential" means any information which is in the possession
21   of a Designating Party who believes in good faith that such information constitutes,
22   contains, or would disclose any Party's medical information, tax, or financial
23   information, student education records, or any other information protected by a
24   statutory, constitutional, or contractual right to privacy.
25   d.    "Confidential Materials" means any Documents, Testimony, or
26   Information as defined below designated as "Confidential" pursuant to the provisions
27   of this Stipulation and Protective Order.
28   ///

e.     "Designating Party" means the Party that designates Materials as "Confidential."

f.     "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

g.     "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by California Evidence Code Sections 250, 255, and 260, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

h.     "Information" means the contents of Documents or Testimony.

i.     "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding.

2.     The parties may produce and/or agree to the Disclosure of relevant Documents related to Plaintiffs, Berdoll, and non-party individuals (i.e. employees and/or students) who may have witnessed or have knowledge of the circumstances and conduct alleged herein and/or any alleged injury claimed to have been suffered by Plaintiffs. The Designating Party shall have the right to Designate as "Confidential" any Documents, Testimony, or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

3.     The School District contends it has an obligation to redact non-party employees' and students' identifying information from Documents. Defendant will timely provide written notification to each affected non-party employee or student that his or her identifying information will be disclosed for purposes of this lawsuit and will be provided to the parties in this lawsuit subject to this Protective Order. Notification to students will be made to the student's guardian or parent. Each affected employee and student's guardian/parent will be given an opportunity to opt in to the Disclosure. If an employee or student's guardian/parent does not opt in to the

Disclosure within ten (10) days of the written notification, the Document containing the identifying information will be produced with redactions of identifying information of that person. Subject to any such redactions, Documents shall be produced to counsel for the parties subject to the provisions of this Protective Order.

4. Any and all records from the Atascadero Police Department (photographic, non-photographic, or otherwise) are concurrently subject to the instant Stipulation and Protective Order and to any and all prior agreements applicable to them. Should there be any conflicting provisions between the instant Stipulation and Protective Order and any prior agreement, the instant Stipulation and Protective Order shall control. If the parties or any of them disagree as to whether there is a conflicting provision, the parties shall meet and confer prior to bringing the dispute before the Court.

5. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

6. Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

b. For Testimony given in depositions the Designating Party may either:

///

JOINT STIPULATION RE: DISCOVERY;
ORDER                                                    5

         i.      identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

         ii.     designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

        c.     For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

        7.     The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony, or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony, or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony, or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production

Notice, the Party that received the inadvertently produced Document, Testimony, or Information shall promptly destroy the inadvertently produced Document, Testimony, or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony, or Information to counsel for the producing Party and shall retain only the "Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony, or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony, or Information, such law shall govern.

8.      In the event that counsel for a Party receiving Documents, Testimony, or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony, or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony, or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony, or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony, or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the

Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony, or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

9. The parties by counsel shall be bound by the protective order sought by way of this Stipulation.

10. Any and all Confidential Materials Disclosed pursuant to this Stipulation shall not be used for any purpose other than to prepare for and conduct litigation of this Proceeding. The Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

11. Any and all Confidential Materials Disclosed pursuant to this Stipulation shall not be Disclosed other than by the producing party, to persons other than:

a. (1) The parties and their attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical, and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party. (2) In-house counsel to the undersigned parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and they may not be Disclosed other than pursuant to its terms;

b. any deposition, trial, or hearing witness in the Proceeding who previously has had access to the Confidential Materials;

c. any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this

Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

d.      mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of each person on a statement in the form attached hereto as Exhibit A.

e.      an independent consultant or expert retained by a Party or lawyer to prepare for or conduct this litigation, whether or not retained to testify at any oral hearing, provided, however, that Prior to the Disclosure of Confidential Materials to any such expert or consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form of Exhibit A;

f.      any other person that the Designating Party agrees to in writing;

g.      a stenographer, court reporter, or videographer present in his or her official capacity at any hearing, deposition, or proceeding in this action; and

h.      any Court (including Court personnel) before which this action is pending, including court personnel who are authorized by the judges of the court to review such information.

12.     Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

a.      operate as an admission by any person that any particular Document, Testimony, or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

///

   b.    prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

         i.    to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or

         ii.    to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material, or Information.

   13.    Any Party to the proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

   14.    Any party to this proceeding (or other person subject to the terms of this Stipulation) may ask the Court, after appropriate notice to the other parties to proceeding, to modify or grant relief from any provision of this Stipulation.

   15.    Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

///

///

16.     If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") or a request for release of public records pursuant to the California Public Records Act (Government Code section 6250 et seq.) ("Request") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena or Request, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing or requesting person or entity to the fullest extent available under law. The recipient of the Subpoena or Request may not produce any Documents, Testimony, or Information pursuant to the Subpoena or Request prior to the date specified for production on the Subpoena or Request. After final resolution of the litigation which is subject to this Stipulation and Protective Order, the District may disclose Confidential Materials when it is obligated to do so pursuant to the California Public Records Act (Government Code section 6250 et seq.) or any other applicable law.

17.     Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

18.     If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts

JOINT STIPULATION RE: DISCOVERY; ORDER                    11

relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

19.     This Stipulation is entered into without prejudice to the right of any party to knowingly waive the applicability of this Stipulation and Protective Order to any confidential materials designated by that party. If the Designating Party uses confidential materials in a non-confidential manner, then the Designating Party shall advise that the designation no longer applies.

20.     Where any Confidential Materials, or Confidential Information, is included in any motion or other filing, the following shall apply: if confidential materials or information derived from confidential materials are submitted to or otherwise disclosed to the Court in connection with motions and filings, the same shall be separately filed under seal with the clerk of the Court in an envelope marked: "CONFIDENTIAL- FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED." The designating party may waive the status of material as Confidential Material at any time by electing to file such documents without sealing.

21.     The parties shall meet and confer regarding the procedures for use of confidential materials at Trial and shall move the Court for entry of an appropriate order. Nothing in this Stipulation and Protective Order shall be construed to require that any trial exhibits or other documents lodged with the Court for purposes of this Proceeding (such materials, "Trial Records,") be lodged under seal. Protection sought by any Party or non-party witness with respect to the lodging of Trial Records shall be sought independently of this Stipulation.

22.     Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

23.    This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

24.    Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to destroy or dispose of Confidential Materials (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, copies of each pleading filed with the Court, and copies of each deposition together with the exhibits marked at the deposition).

25.    After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

26.    The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein. This Stipulation and Protective Order may be executed in counterparts. This Order may be modified by written agreement of the affected parties without further order of the Court.

1   **IT IS SO STIPULATED.**

2   Dated: October  11 , 2021                 THE BLOOM FIRM

3

4

5                                            AVI GOLDSTEIN
                                             Attorney for Plaintiffs,
6                                            JANE DOE 1 and JANE DOE 2, minors,
                                             by and through their *Guardian ad Litem*
7                                            K.X.; JANE DOE 5, a minor, by and
                                             through her *Guardian ad Litem* K.A.; and
8                                            JANE DOE 6, a minor, by and through
                                             her *Guardian ad Litem* H.A.

9

10  Dated: October  12 , 2021                 SANGER, SWYSEN & DUNKLE

11

12

13                                           CATHERINE SWYSEN
                                             Attorney for Defendant,
                                             CHRIS BERDOLL

14

15  Dated: October  11 , 2021                 HALL, HIEATT & CONNELY, LLP

16

17                                           CLAYTON U. HALL
18                                           STEPHANIE A. BOWEN
                                             CATHERINE A. HALL
19                                           Attorney for Defendant,
                                             ATASCADERO UNIFIED SCHOOL
                                             DISTRICT

20

21

22                                      **ORDER**

23  GOOD CAUSE APPEARING, the Court hereby approves this Stipulation and

    Protective Order.
24
            **IT IS SO ORDERED.**
25

26  Dated: _10/13/2021_____              /s/ CHARLES F. EICK_____

27                                        HONORABLE CHARLES F. EICK
                                          **UNITED STATES MAGISTRATE JUDGE**
28

JOINT STIPULATION RE: DISCOVERY;              14
ORDER

EXHIBIT A

**CERTIFICATION RE: CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, *Jane Does vs. Atascadero Unified School District, et al.*, (2:19-CV-08636 DSF (Ex)). I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

///
///
///
///
///

JOINT STIPULATION RE: DISCOVERY;
ORDER

15

1

    I declare under penalty of perjury, under the laws of the State of California, that

2

the foregoing is true and correct.

3

    Executed this __ day of _____ , 20__, at _____.

4

5

                                    _____
                                    Signature

6

7

                                    _____
                                    Address

8

                                    _____

9

                                    City, State, Zip

10

                                    _____
                                    Telephone Number

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT STIPULATION RE: DISCOVERY;**
**ORDER**                                    16